STATE OF NORTH CAROLINA v. ELIJAH FREEMAN AND LEO FREEMAN

No. 7013SC154

(Filed 1 April 1970)

**Criminal Law § 76— in-custody statements — determination of admissibility**

In a prosecution for felonious larceny and storebreaking, defendant's in-custody statements to an officer were properly admitted in evidence, where the trial court, upon objection by defendant, conducted a *voir dire* hearing in the absence of the jury to determine the voluntariness of the statements, and the court found and concluded that defendant's statements were voluntarily and understandingly made after defendant had been advised of his constitutional rights.

APPEAL by defendant Elijah Freeman from *Canaday, J.,* September 1969 Criminal Session of COLUMBUS Superior Court.

In an indictment proper in form, defendant and his co-defendant were charged with (1) storebreaking and (2) larceny of personal property of the value of more than $200.00. The appealing defendant, Elijah Freeman, pleaded not guilty, was found guilty as charged by a jury and, from judgment imposing active prison sentence of not less than six years nor more than eight years, he appealed.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*R. H. Burns, Jr., for defendant appellant, Elijah Freeman.*

BRITT, J.

Defendant assigns as error the denial of his motion to suppress the testimony of Deputy Sheriff Horace Long with respect to conversations Mr. Long had with defendant.

Since the rendition by the Supreme Court of the United States of its decision in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 10 A.L.R. 3d 974, numerous opinions have been written by various courts, state and federal, on the question of admissibility into evidence of in-custody statements made by defendants. The Supreme Court of North Carolina in the recent case of *State v. Catrett,* 276 N.C. 86, in an opinion written by Bobbitt, C.J., reviewed many of the decisions and then clearly and succinctly declared the test of admissibility as follows:

"We are of the opinion, and so hold, that in-custody statements attributed to a defendant, when offered by the State and ob-

jected to by the defendant, are inadmissible *for any purpose* unless, after a *voir dire* hearing in the absence of the jury, the court, based upon sufficient evidence, makes factual findings that such statements were voluntarily and understandingly made by the defendant after he had been fully advised as to his constitutional rights. * * *"

In the instant case the record discloses that when defendant's counsel objected to Deputy Sheriff Long's testimony regarding alleged statements made by defendant, the trial judge excused the jury and proceeded to conduct a *voir dire* hearing relative to the proffered evidence. Following an examination of Mr. Long by the solicitor and cross-examination by defense counsel, defendant having offered no evidence on the *voir dire*, the trial judge found and concluded that defendant's statements were voluntarily and understandingly made after defendant had been fully advised of his constitutional rights. The findings and conclusions were fully supported by the evidence presented at the hearing. We hold that the test declared in *Catrett* was met in this case.

Defendant contends that the evidence was not sufficient to survive his motions of nonsuit. We deem it unnecessary to recapitulate the evidence here but hold that the evidence was sufficient to withstand the motions.

Finally, defendant contends that the trial court erred in its instructions to the jury. We have carefully considered the charge, with particular reference to the portions referred to in defendant's brief, but find that it was free from prejudicial error.

The defendant received a fair trial and the sentence imposed was within the limits prescribed by statute.

No error.

BROCK and GRAHAM, JJ., concur.